**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CLARENCE GARLOW,** | * | |
| | * | |
| **PLAINTIFF,** | * | **CIVIL ACTION NO. 17-4330** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **BP EXPLORATION & PRODUCTION INC., et al.,** | * | **JUDGE ASHE** |
| | * | |
| **DEFENDANTS.** | * | **MAGISTRATE** |
| | * | **JUDGE CURRAULT** |
| | * | |
| **Related to:   B3 PLEADING BUNDLE** | * | |
| **in MDL No. 2179** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, the "BP Parties") hereby answer Plaintiff's Complaint as follows. While the BP Parties believe they have no obligation to admit or deny the headings used in the Complaint, to the extent any response is required the BP Parties deny the allegations in the headings. Any allegation not specifically admitted is denied.

## I. ADOPTION AND INCORPORATION OF PRIOR PLEADINGS

1. Plaintiff adopts and incorporates by reference all matters originally pled in Plaintiff's Complaint for damages, *see* Compl., No. 2:13-cv-02215, April 20, 2013, Rec. Doc. 1, and in Plaintiff's Direct Filing Short Form, *see* Direct Filing Short Form, No. 2:10-cv-08888-CJB-SS, Rec. Doc. 84055 (hereinafter collectively referred to as "Original Complaint").

**ANSWER:**   The BP Parties state that to the extent that Plaintiff's Complaint incorporates the Plaintiff's prior complaint, that prior complaint has been superseded by the Plaintiff's Complaint filed pursuant to PTO 63 and has been dismissed. The BP Parties state that to the extent that Plaintiff's Complaint incorporates his or her Direct Filing Short Form to B3 First Amended Master Complaint, the B3 First Amended Master Complaint and any Direct Filing Short Forms were

1

dismissed by PTO 63.  To the extent that any response is due to the allegations in these superseded and/or dismissed pleadings, the BP Parties deny the allegations unless expressly admitted in this Answer.

2.  Additionally, Plaintiff adopts and incorporates by reference all matters originally pled in the B3 First Am. Master Compl., [ECF No. 1805-1] (hereinafter collectively referred to as "Master Complaint").

**ANSWER:**  The BP Parties state that to the extent that Plaintiff's Complaint incorporates the B3 First Amended Master Complaint, that B3 First Amended Master Complaint was dismissed by PTO 63.  To the extent that any response is due to the allegations in this dismissed pleading, the BP Parties deny the allegations unless expressly admitted in this Answer.

3.  Plaintiff further adopts and incorporates by reference the facts determined by this Court.  *See* Findings of Fact and Conclusions of Law, Rec. Doc. 13355.

**ANSWER:**  The BP Parties state that the MDL No. 2179 Court has made rulings regarding fault for the *Deepwater Horizon* spill and other issues in its Findings of Fact and Conclusion of Law for the Phase One Trial (Rec. Doc. 13355). The BP Parties state that this paragraph does not specify what findings of fact the Complaint intends to rely on, and the BP Parties lack knowledge or information sufficient to form a belief about any allegations of the paragraph, and therefore deny any remaining allegations of this paragraph.

## II. PARTIES

4.  Plaintiff CLARENCE GARLOW is an individual who is a citizen of the United States and a resident of the state of Louisiana.

**ANSWER:**  The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

5.  Plaintiff timely requested to opt out of the settlement class and/or Plaintiff has been excluded from participation in the settlement class.

**ANSWER:**  The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

6.  If required, Plaintiff made "presentment" of Plaintiff's claim(s) in accord with 33 U.S.C. §§ 2702(b) and 2713.

**ANSWER:**  The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the BP Parties deny the allegations of this paragraph.

7.  If applicable, BP denied the Plaintiff's presentment or otherwise failed to adequately consider and respond to Plaintiff's demand within 90 days.

**ANSWER:**  The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the BP Parties deny the allegations of this paragraph.

8.  Plaintiff brings this case against the following Defendants:

**ANSWER:**  The BP Parties deny that Plaintiff has stated a case against any Defendant and deny any remaining allegations of this paragraph.

a.  BP Exploration & Production, Inc. ("BP Exploration"), is a Delaware corporation with its principal place of business in Warrenville, Illinois.  This Court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in the State of Louisiana.

**ANSWER:**  The BP Parties admit that BP Exploration & Production Inc. is a Delaware corporation, that it is registered to do business in Louisiana, and that it has a registered agent in Louisiana.  This paragraph's allegation that the Court has personal jurisdiction over BP Exploration & Production Inc. is a legal conclusion to which no response is required.  To the extent a response is required, the BP Parties admit that BP Exploration & Production Inc. is subject to this Court's jurisdiction.  The BP Parties deny any remaining allegations of this paragraph.

b. BP America Production Company ("BP America"), is a Delaware corporation with its principal place of business in Houston, TX.  This Court has personal jurisdiction over BP America because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in the State of Louisiana.

**ANSWER:** The BP Parties admit that BP America Production Company is a Delaware corporation with its principal place of business in Houston, Texas, that it is registered to do business in Louisiana, and that it has a registered agent in Louisiana.  This paragraph's allegation that the Court has personal jurisdiction over BP America Production Company is a legal conclusion to which no response is required.  To the extent a response is required, the BP Parties admit that BP America Production Company is subject to this Court's jurisdiction.  The BP Parties deny any remaining allegations of this paragraph.

c. BP p.l.c., is a British public limited company with its corporate headquarters in London, England. This Court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long-arm general jurisdiction provision in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

**ANSWER:** The BP Parties admit that BP p.l.c. is a British Public Limited Company organized under the laws of England and Wales, that it is publicly traded, and that its corporate headquarters are located in London, England.  This paragraph's allegation that the Court has personal jurisdiction over BP p.l.c. is a legal conclusion to which no response is required.  To the extent a response is required, BP p.l.c. is not contesting the jurisdiction of this Court in this case.  The BP Parties deny any remaining allegations of this paragraph.

d. Transocean Holdings LLC ("Transocean Holdings"), is a Delaware Corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over Transocean Holdings because Transocean Holdings maintains continuous and systemic contacts in the State of Louisiana.

**ANSWER:** The BP Parties admit that Transocean Holdings LLC is a Delaware corporation with its principal place of business in Houston, Texas.  This paragraph's allegation that the District

Court for the Eastern District of Louisiana has personal jurisdiction over Transocean Holdings LLC is a legal conclusion to which no response is required.  To the extent a response is required, the BP Parties lack knowledge or information sufficient to form a belief about this allegation, and therefore deny it.  The BP Parties lack knowledge or information sufficient to form a belief about any remaining allegations of this paragraph, and therefore deny them.

e.  Transocean Deepwater Inc. ("Transocean Deepwater"), is a Delaware Corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over Transocean Deepwater because Transocean Deepwater maintains continuous and systemic contacts in the State of Louisiana.

**<u>ANSWER:</u>** The BP Parties admit that Transocean Deepwater Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  This paragraph's allegation that the District Court for the Eastern District of Louisiana has personal jurisdiction over Transocean Deepwater Inc. is a legal conclusion to which no response is required.  To the extent a response is required, the BP Parties lack knowledge or information sufficient to form a belief about this allegation, and therefore deny it.  The BP Parties lack knowledge or information sufficient to form a belief about any remaining allegations of this paragraph, and therefore deny them.

f.  Transocean Offshore Deepwater Drilling Inc. ("Transocean Offshore"), is a Delaware Corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over Transocean Offshore because Transocean Offshore maintains continuous and systemic contacts in the State of Louisiana.

**<u>ANSWER</u>**: The BP Parties admit that Transocean Offshore Deepwater Drilling Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  This paragraph's allegation that the District Court for the Eastern District of Louisiana has personal jurisdiction over Transocean Offshore Deepwater Drilling Inc. is a legal conclusion to which no response is required.  To the extent a response is required, the BP Parties lack knowledge or information sufficient to form a belief about this allegation, and therefore deny it.  The BP Parties lack

knowledge or information sufficient to form a belief about any remaining allegations of this paragraph, and therefore deny them.

     g.  Halliburton Energy Services, Inc. ("Halliburton"), is a Delaware Corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over Halliburton because Halliburton is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

**ANSWER:** The BP Parties admit that Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  This paragraph's allegation that the District Court for the Eastern District of Louisiana has personal jurisdiction over Halliburton Energy Services, Inc. is a legal conclusion to which no response is required.  To the extent a response is required, the BP Parties lack knowledge or information sufficient to form a belief about this allegation, and therefore deny it.  The BP Parties lack knowledge or information sufficient to form a belief about any remaining allegations of this paragraph, and therefore deny them.

### III. JURISDICTION AND VENUE

9.  This Court has jurisdiction pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime Jurisdiction."

**ANSWER:**  The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the BP Parties deny the allegations of this paragraph.

10. In addition, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1333.

**ANSWER:**  The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the BP Parties admit that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1333.  The BP Parties deny any remaining allegations of this paragraph.

11. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the case involves citizens of different states.

**ANSWER:** The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

12. This Court also has jurisdiction pursuant to the Admiralty Extension Act, 46 U.S.C. § 30101, which extends the admiralty and maritime jurisdiction of the federal judiciary to cases involving injury or damage to person or property caused by a vessel on navigable waters, even when the injury or damage was done or consummated on land.

**ANSWER:** The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the BP Parties admit that the Court has jurisdiction pursuant over Plaintiff's claims pursuant to the Admiralty Extension Act, 46 U.S.C. § 30101.  The BP Parties deny any remaining allegations of this paragraph.

13. Plaintiff brings this action on the "law side" of the court based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and the saving clause in 28 U.S.C. § 1333; as such, Plaintiff demands a jury trial.

**ANSWER:** The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the BP Parties deny the allegations of this paragraph.

14. Plaintiff reserves the right to seek a transfer of venue to the District where Plaintiff's [sic] resided at the time the claims arose, or to the District where the events and/or omissions that form the basis for this Complaint occurred.

**ANSWER:** The BP Parties state that under the Order Regarding Motions to Transfer Venue in Certain B3 Cases, MDL 2179 Rec. Doc. 26934, all motions to seek a transfer of venue were required to be filed by March 12, 2021.  The BP Parties deny that Plaintiff can seek any transfer of venue.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff adopts and incorporates by reference all factual allegations originally pled in Plaintiff's Original Complaint and the Master Complaint.

**ANSWER:**  The BP Parties state that to the extent that Plaintiff's Complaint incorporates his or her prior complaint, that prior complaint has been superseded by the Plaintiff's Complaint filed pursuant to PTO 63 and has been dismissed.  The BP Parties state that to the extent that Plaintiff's Complaint incorporates the B3 First Amended Master Complaint, that B3 First Amended Master Complaint was dismissed by PTO 63.  To the extent that any response is due to the allegations in these superseded and/or dismissed pleadings, the BP Parties deny the allegations unless expressly admitted in this Answer.

16. Plaintiff further adopts and incorporates by reference the factual findings that have been determined by this Court.  *See* Findings of Fact and Conclusions of Law, Rec. Doc. 13355.

**ANSWER:**  The BP Parties state that the MDL No. 2179 Court has made rulings regarding fault for the *Deepwater Horizon* spill and other issues in its Findings of Fact and Conclusion of Law for the Phase One Trial (Rec. Doc. 13355). The BP Parties state that this paragraph does not specify what findings of fact the Complaint intends to rely on, and the BP Parties lack knowledge or information sufficient to form a belief about any allegations of the paragraph, and therefore deny any remaining allegations of this paragraph.

17. Plaintiff further adopts and incorporates by reference the factual allegations contained in the Plaintiff's Sworn Statement form attached hereto as Exhibit A.

**ANSWER:**  The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph or any allegations contained in the form attached to the Complaint as Exhibit A, none of which have been adequately identified or pled.  The BP Parties therefore deny those allegations.

18. Plaintiff, as a direct and proximate result of the Deepwater Horizon explosion and subsequent oil spill, was injured as a result of exposure to oil and/or oil-dispersing chemicals and/or decontaminants by virtue of Plaintiff's environment.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

## V. CAUSES OF ACTION

19. Plaintiff adopts and incorporates by reference all causes of action originally asserted in Plaintiff's Original Complaint and the Master Complaint and the factual allegations in support thereof.

**ANSWER:**  The BP Parties state that to the extent that Plaintiff's Complaint incorporates his or her prior complaint, that prior complaint has been superseded by the Plaintiff's Complaint filed pursuant to PTO 63 and has been dismissed.  The BP Parties state that to the extent that Plaintiff's Complaint incorporates the B3 First Amended Master Complaint, that B3 First Amended Master Complaint was dismissed by PTO 63.  To the extent that any response is due to the allegations in these superseded and/or dismissed pleadings, the BP Parties deny the allegations unless expressly admitted in this Answer.

20. Plaintiff further adopts and incorporates by reference the factual findings that have been determined by this Court.  *See* Findings of Fact and Conclusions of Law, Rec. Doc. 13355.

**ANSWER:**  The BP Parties state that the MDL No. 2179 Court has made rulings regarding fault for the *Deepwater Horizon* spill and other issues in its Findings of Fact and Conclusion of Law for the Phase One Trial (Rec. Doc. 13355).  The BP Parties state that this paragraph does not specify what findings of fact the Complaint intends to rely on, and the BP Parties lack knowledge or information sufficient to form a belief about any allegations of the paragraph, and therefore deny any remaining allegations of this paragraph.

21. As a result of Defendants' negligence; strict liability; gross negligence; willful and wanton conduct; and violations of applicable safety, construction, or operation regulations and/or statutes; Plaintiff has sustained and will continue to sustain the following damages:

    a.   economic, income, property, and compensatory damages;

    b.   personal injury damages, including past and future medical expenses and pain and suffering; and

    c.   attorneys' fees, claim preparation, expenses, and costs of litigation.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

22. Additionally, as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of punitive damages.

**ANSWER:**  The BP Parties deny the allegations of this paragraph and further state that the MDL No. 2179 Court held in its Findings of Fact and Conclusions of Law for the Phase One Trial (Rec. Doc. 13355) that the BP Parties could not be liable for punitive damages under general maritime law for the loss of well control, the ensuing explosion and fire, the sinking of the *Deepwater Horizon*, or the initiation of the release of oil from the well.

### VI. PRAYER FOR RELIEF

The BP Parties deny the allegations set forth in Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to the relief requested or any other relief.

### AFFIRMATIVE DEFENSES

The BP Parties raise the following affirmative defenses and other defenses.  The BP Parties do not concede that they bear the burden of production or proof for any of these defenses or any element of Plaintiff's claims.

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint violates Federal Rules of Civil Procedure 8 and 12 by being vague, ambiguous, and/or conclusory and thus (1) not providing the BP Parties with fair notice of what

the claims are and the grounds upon which those claims rest and (2) not allowing the BP Parties to reasonably prepare a response to the Complaint.

### THIRD DEFENSE

All or some of Plaintiff's claims may be barred, preempted, and/or precluded by applicable law including, but not limited to, Orders, Judgments, and/or Decisions of the MDL No. 2179 Court, including claims that are barred and cannot be maintained under the law of the case because the MDL No. 2179 Court previously dismissed those claims.

### FOURTH DEFENSE

As the MDL No. 2179 Court held in its Order and Reasons As to Motions to Dismiss the B3 Master Complaint at 5 (Rec. Doc. 4159), maritime law preempts all state law claims that are or may be asserted in this action.

### FIFTH DEFENSE

As the MDL No. 2179 Court held in its Findings of Fact and Conclusions of Law for the Phase One Trial at 143 (Rec. Doc. 13381-1), BP p.l.c. is not liable under general maritime law. Accordingly, BP p.l.c. is not a proper defendant in this case.

### SIXTH DEFENSE

Non-maritime law claims asserted in this Complaint, if any, are barred under the doctrines of claim or issue preclusion (res judicata or collateral estoppel) or the law of the case.

### SEVENTH DEFENSE

All or some of Plaintiff's claims may be barred by applicable statutes of limitations and repose.

### EIGHTH DEFENSE

All or some of Plaintiff's claims are barred by Plaintiff's assumption of risk.

**NINTH DEFENSE**

Plaintiff cannot establish general causation or specific causation between Plaintiff's alleged injuries or damages and any omissions, acts, or conduct of the BP Parties.

**TENTH DEFENSE**

Plaintiff's damages or injuries, if any, were caused by an occurrence and/or accident that was unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**ELEVENTH DEFENSE**

Any alleged negligence or other supposed culpable conduct by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged injuries or damages, and there is no causal connection between the acts complained of and the injuries and damages alleged.

**TWELFTH DEFENSE**

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible, and which preclude any finding of liability against the BP Parties.

**THIRTEENTH DEFENSE**

In accordance with *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830 (1996), one or more superseding and/or intervening causes—including, but not limited to, medical conditions that pre-existed and/or were unrelated to BP's alleged acts—preclude any finding of liability for damages on the part of the BP Parties.

## FOURTEENTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by the contributory or comparative negligence of other individuals, entities, or vessels, including Plaintiff's own contributory or comparative negligence.

## FIFTEENTH DEFENSE

The injuries allegedly sustained by Plaintiff occurred as a result of alternative causes, including but not limited to medical conditions, causes, or injuries which are unrelated to activities of the BP Parties, and the existence of these alternative causes (such as preexisting or other medical conditions, causes, or injuries) are a bar to and/or mitigating factor to any recovery sought herein.

## SIXTEENTH DEFENSE

The BP Parties state that the alleged injuries complained of, if any, were caused by Plaintiff's own negligence and recovery is thus barred. Alternatively, the BP Parties state that the alleged injuries and damages were caused by the comparative negligence and/or fault of Plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that Plaintiff seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages among different causes.

## EIGHTEENTH DEFENSE

As the MDL No. 2179 Court held in its Findings of Fact and Conclusions of Law for the Phase One Trial at 142 (Rec. Doc. 13381-1), the BP Parties cannot be held liable for punitive damages under general maritime law.  Additionally, pursuant to the MDL No. 2179 Court's Case Management Order for the B3 Bundle (Rec. Doc. 26924), any punitive damage claims in this case

have been bifurcated from all other issues in this case, and there shall be no discovery, motion practice, or other litigation respecting punitive damages issues unless and until the Plaintiff in this case is adjudged entitled to compensatory damages on the Plaintiff's claims.

### NINETEENTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

### TWENTIETH DEFENSE

The BP Parties cannot be held liable for any damages resulting from or caused by actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization.

### TWENTY-FIRST DEFENSE

The BP Parties may not be held liable for any damages resulting from or caused by the actions of any BP Parties to the extent such damages were exacerbated by federal, state, or local government actions.

### TWENTY-SECOND DEFENSE

The BP Parties state that, at all times relevant, they complied with applicable laws, regulations, standards, as well as with any directions/instructions of the Unified Command, and that its actions were consistent with the National Contingency Plan.

### TWENTY-THIRD DEFENSE

Each BP Party may be held liable only for damages resulting from its own conduct and may not be held liable derivatively for the conduct of any other entity.

### TWENTY-FOURTH DEFENSE

The BP Parties cannot be held liable for damages resulting from or caused by the BP Parties' subcontractors or other parties, as the actions of independent contractors cannot be imputed to the BP Parties.

14

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of release.

### TWENTY-SIXTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by any prior payment to and/or release of liability from Plaintiff who received funds through the BP claims process, the Gulf Coast Claims Facility, or the claims process to be conducted under any settlement agreement. Furthermore, any settled claims accompanied by any sort of releases of rights against the BP Parties may no longer be maintained.

### TWENTY-SEVENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

### TWENTY-EIGHTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual or other indemnity from other parties or entities.

### TWENTY-NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

### THIRTIETH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to subrogation from other parties or entities.

## THIRTY-FIRST DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities, including but not limited to workers' compensation payments.

## THIRTY-SECOND DEFENSE

The BP Parties reserve the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

Dated: July 27, 2021

Respectfully submitted,
*/s/ Robert B. McNeal*
Robert B. McNeal T.A. (Bar #14211)
(rbmcneal@liskow.com)
R. Keith Jarrett (Bar #16984)
(rkjarrett@liskow.com)
Charles B. Wilmore (Bar #28812)
(cbwilmore@liskow.com)
Devin Reid (Bar #32645)
(dcreid@liskow.com)
Cherrell Simms Taplin (Bar #28227)
(cstaplin@liskow.com)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Rebecca M. Guidry (Bar # 38538)
(rguidry@liskow.com)
**LISKOW & LEWIS**
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Fax No. (337) 267-2399

and

16

A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Martin L. Roth, P.C.
(rothm@kirkland.com)
Kristopher Ritter
(ritterk@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2021, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have served this filing by hand delivery, facsimile, electronic transmission, or United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Robert B. McNeal*

Robert B. McNeal